IN THE SUPREME COURT OF FLORIDA

THE FLORIDA BAR,

    Complainant,

v.

JULIO CESAR MARRERO,

    Respondent.

_____/

Supreme Court Case No. SC-

The Florida Bar File No. 2021-70,391(11L)

## COMPLAINT

The Florida Bar, complainant, files this Complaint against Julio Cesar Marrero, respondent, pursuant to the Rules Regulating The Florida Bar and alleges:

1. Respondent is and was at all times mentioned herein a member of The Florida Bar admitted on December 23, 1988 and is subject to the jurisdiction of the Supreme Court of Florida.

2. Respondent resided and practiced law in Miami-Dade County, Florida, at all times material.

3. The Eleventh Judicial Circuit Grievance Committee L found probable cause to file this complaint pursuant to Rule 3-7.4, of the Rules Regulating The Florida Bar, and this complaint has been approved by the presiding member of that committee.

4.	On or about March 30, 2021, Chief Judge K. Michael Moore, of the United States District Court for the Southern District of Florida (USDC), referred respondent to the Court's Committee on Attorney Admissions, Peer Review, and Attorney Grievance in connection with respondent's misconduct in two matters: *Black River Partners I, LLC v. Conategi, LLC,* 1:21-cv-20912-KMM and *MJM Structural Corp. v. Columbus Apartments, LLC*, 1:21-cv-20631-KMM.

5.	There are approximately twenty additional federal court and bankruptcy matters in which respondent engaged in the same or similar misconduct, as described in the attached chart submitted by the USDC. See a copy of the Chart entitled Attorney Julio Cesar Marrero Recent Removal Cases (2018-Present), attached hereto and incorporated herein as Ex. A.

6.	In the two matters recently referred to the Court's Committee on Attorney Grievance, and in the matters referred to in the chart attached hereto, respondent repeatedly filed frivolous pleadings, engaged in bad faith litigation tactics, gamesmanship, and dilatory tactics by filing notices of removal in the USDC in order to forestall state court proceedings; primarily to delay foreclosure sales.

7. Respondent's modus operandi is to file a notice of removal without (1) a civil cover sheet, (2) state court records, or (3) paying the filing fee. Respondent then does not respond to the court's orders to show cause.

8. For instance, in the *Black River Partners* matter referred by Chief Judge Moore, respondent filed the notice of removal on March 8, 2021. On the same date, the clerk notified respondent that he had not paid the filing fee, had not provided state court records, and had not provided a civil cover sheet, as required by 28 USC § 1446 and the Clerk's Civil Filing Requirements. Respondent was instructed to cure these defects within twenty-four hours.

9. Respondent did not respond to that notice, nor did he pay the filing fee, provide the records or the civil cover sheet.

10. On March 23, 2021, the court issued an Order to Show Cause, setting forth the above and requiring the parties to respond by March 26, 2021 and state why the matter should not be dismissed for failure to comply with the statutory requirements governing removal and the Clerk's Civil Filing Requirements.

11. On March 24, 2021, counsel for Black River Partners, the plaintiff in the underlying action, filed its response to the order to show

cause with multiple attachments, requesting the matter be closed and remanded back to state court.

12. Respondent failed to file a response to the order to show cause on behalf of himself or his client.

13. On March 30, 2021, the Chief Judge closed the case and remanded it back to state court. In his order, the Chief Judge held:

> Given Plaintiff's arguments and Defendant's failure to respond to this Court's Orders, the Court finds that remand is warranted. Additionally, the Court recognizes that this is not Defendant's first attempt to use removal tactics in order to forestall state court proceedings. *See TCM Fin., LLC v. Conategi, LLC*, No. 21-cv-20640-BLOOM/Otazo-Reyes, 2021 WL 925516, at *3 (S.D. Fla. Mar. 11, 2021) (collecting cases). Indeed, in *TCM Fin.* the Court found that "[t]hese removals are patently frivolous and reflect pure gamesmanship" and Defendant's counsel's "conduct runs contrary to counsel's duty of candor to the tribunal and serves only to waste limited resources of all parties and institutions involved—both at the state and federal level." *Id.* at *4.

14. In addition to remanding the matter back to the state court, Chief Judge Moore admonished respondent and referred him to the Committee on Attorney Admissions, Peer Review, and Attorney Grievance for investigation.

15. On April 27, 2021, opposing counsel filed Plaintiff's Verified Motion for Attorneys' Fees and Sanctions and Incorporated Memorandum of Law. On April 28, 2021 the motion for fees and sanctions was referred

4

to the magistrate judge for hearing. The magistrate judge was also ordered to determine the appropriate sanction for respondent's failure to pay the filing fee as ordered in the March 30, 2021 remand order.

16. On April 29, 2021, respondent filed a notice of appeal of the March 30, 2021 remand order.

17. Similarly, in the *MJM Structural Corp* matter, respondent filed a notice of removal on behalf of his clients, the defendants in the matter, on February 16, 2021, in the days just prior to a court ordered foreclosure sale.

18. Respondent, again, did not pay the filing fee or provide a civil cover sheet. The Clerk ordered respondent to pay the fee and provide the cover sheet within twenty-four hours of filing.

19. Rather than comply with the clerk's directives, respondent instead filed a successive and duplicative notice of removal, causing the scheduled foreclosure sale to be canceled.

20. In both of the successive and duplicative removal cases, respondent failed to pay the filing fee or to provide a civil cover sheet. Accordingly, the clerk was not aware that the two cases referred to the same matter, and so the matters were assigned to different judges.

21. On February 17, 2021, Plaintiff's counsel moved the court to strike the removal notices and dismiss the action based on the fact that the alleged grounds for same were moot, and based on respondent's deficiencies in failing to pay the filing fees or to provide the requisite civil cover sheets. Plaintiff's counsel also delineated the long standing pattern of abusive delay tactics employed by respondent, noting Judge Butchko's findings in her July 7, 2020, order in the underlying state court foreclosure case:

> The record has established that Defendants' conduct delayed the proceedings and resulted in undue expense to the Plaintiff; that Plaintiff's ability to prosecute this case has been prejudiced; that Plaintiff's due process rights have been prejudiced; and that the administration of justice has been hampered. Defendants' conduct exhibited an intentional delay tactic, a pattern of refusal to follow rules, and established a lack of good faith. The delay created by Defendant's conduct has created significant problems in judicial administration and resulted in countless hours being spent by the Court.

22. On February 17, 2021, Chief Judge Moore issued an order to show cause as to why the filing fee was not paid and the civil cover sheet not provided.

23. Respondent failed to respond to the order to show cause. Respondent also failed to pay the filing fee or provide the civil cover sheet.

24. On April 5, 2021, Chief Judge Moore issued an order closing the removal case and remanding the matter back to the state court.

25. On April 29, 2021, respondent filed his notice of appeal of the remand order.

26. On April 30, 2021, respondent filed a motion for reconsideration of the court's remand order, citing an issue with his credit card and the clerk's error as his reason for not paying the filing fee.

27. On the same date, Chief Judge Moore issued a scathing order denying the motion for reconsideration, and citing respondent's long standing history of the same misconduct in past cases in rejecting respondent's explanation for his failure to pay the filing fees. Chief Judge Moore again admonished respondent, and referred him to the Court's Committee on Attorney Admissions, Peer Review and Attorney Grievance for investigation.

28. On May 14, 2021, the Magistrate Judge issued her Report and Recommendation, finding that "Defendants actions and inactions, again, through counsel Marrero, demonstrate a willful disregard of *multiple* Court orders in this case (ECF Nos. 6,12) as well as a disregard for the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for Southern District of Florida…. As such, the undersigned finds that

Defendants and their counsel have acted in bad faith and abused the judicial process to the extent that sanctions are warranted in the form of attorney's fees incurred by Plaintiff as a result of the misconduct."

29.  On June 4, 2021, the United States Court of Appeals for the Eleventh Circuit dismissed respondent's appeal of the remand order for because respondent failed to file a Civil Appeal Statement form within the time fixed by rule.

30.  The attached chart demonstrates the intentional nature of respondent's misconduct, and that he has engaged in these same frivolous, bad faith, and dilatory litigation tactics in multiple cases spanning at least two years.

31.  By reason of the foregoing, respondent has violated the following Rules Regulating The Florida Bar:  4-3.1 (Advocate; Meritorious Claims and Contentions), 4-3.4 (Fairness to Opposing Party and Counsel), 4-8.4(c) (A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 4-8.4(d) (A lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice).

WHEREFORE, The Florida Bar prays respondent will be appropriately disciplined in accordance with the provisions of the Rules Regulating The Florida Bar as amended.

*[signature]*

Jennifer R. Falcone, Bar Counsel
The Florida Bar - Miami Branch Office
444 Brickell Avenue
Rivergate Plaza, Suite M-100
Miami, Florida 33131-2404
(305) 377-4445
Florida Bar No. 624284
jfalcone@floridabar.org

*[signature]*

Patricia Ann Toro Savitz, Staff Counsel
The Florida Bar
651 E. Jefferson Street
Tallahassee, Florida 32399-2300
(850) 561-5839
Florida Bar No. 559547
psavitz@floridabar.org

**CERTIFICATE OF SERVICE**

      I certify that this document has been efiled with The Honorable John A. Tomasino, Clerk of the Supreme Court of Florida, with a copy provided to Julio Cesar Marrero, Respondent, via email at julio@marrerolawfirm.com; and that a copy has been furnished by United States Mail via certified mail no. 7017 1450 0000 7821 0766, return receipt requested to Julio Cesar Marrero, Respondent, whose record bar address is 3850 Bird Road, Suite 1001, Miami, FL 33146-1501; and to Jennifer R. Falcone, Bar Counsel, via email at jfalcone@floridabar.org; on this 12th day of October, 2021.

Patricia Ann Toro Savitz
Staff Counsel

## **NOTICE OF TRIAL COUNSEL AND DESIGNATION OF PRIMARY EMAIL ADDRESS**

PLEASE TAKE NOTICE that the trial counsel in this matter is Jennifer R Falcone, Bar Counsel, whose address, telephone number and primary email address are The Florida Bar, Miami Branch Office, 444 Brickell Avenue, Rivergate Plaza, Suite M-100, Miami, Florida 33131-2404, (305) 377-4445 and jfalcone@floridabar.org. Respondent need not address pleadings, correspondence, etc. in this matter to anyone other than trial counsel and to Staff Counsel, The Florida Bar, 651 E Jefferson Street, Tallahassee, Florida 32399-2300, psavitz@floridabar.org.

## ATTORNEY JULIO CESAR MARRERO RECENT REMOVAL CASES
### (2018 – Present)

| Case Number | Case Name | Date Filed | Case Type | Filing Fee Paid | Case Status | Motion for Sanctions |
|---|---|---|---|---|---|---|
| 18-cv-21775-RNS | Trinity Financial Services v. Perez Jr. | 5/4/2018 | Foreclosure | Y | Remanded – no subject-matter jurisdiction (ECF No. [5]) | N |
| 18-cv-24376-CMA | OH Capital Collections, LLC v. Hialeah 150, LLC | 10/22/2018 | Foreclosure | N (*See* ECF No. [16]) | Motion to remand and for sanctions denied without prejudice, cautioning Defendant not to file an unfounded amended notice of removal (ECF No. [12]); Remanded after Defendant indicated its intent not to file an amended notice of removal (ECF No. [14]) | Y (denied without prejudice) |
| 19-cv-21726-CMA | First Southwestern Financial Services, LLC v. Dawkins Home, Inc. | 5/2/2019 | Replevin | Y | Remanded – no subject-matter jurisdiction (ECF No. [36]) | N |
| 19-cv-10125-JEM | Wells Fargo Bank, N.A. v. Buckles | 7/23/2019 | Foreclosure | Y | Remanded – motion to remand granted by default (ECF No. [12]) | N |
| 19-cv-24882-JEM | Deutsche Bank National Trust Company v. Rodriguez | 11/26/2019 | Foreclosure | Y | Remanded – motion to remand granted by default and no basis for removal found (ECF No. [19]) | Y (withdrawn by consent) |
| 19-cv-25299-CMA | 1220 Broadway, LLC v. Red Koi Corp. | 12/27/2019 | Eviction | Y | Remanded for failure to file an amended notice of removal as ordered by the Court (ECF No. [7]) | N |
| 20-cv-10023-KMM | Wells Fargo Bank, N.A. v. Buckles | 3/11/2020 | Foreclosure | Y | Dismissed without prejudice for failing to file the JSR (ECF No. [8]) | N |
| 20-cv-24178-RNS | 5AIF Maple 2 LLC v. 5725 Lagorce Partners LLC | 10/13/2020 | Foreclosure | Y | Remanded – removal was untimely and likely lacking subject-matter jurisdiction (ECF No. [21]) | Y (referred and pending) |
| 20-cv-62342-RS | Axos Bank v. Chowdhury | 11/18/2020 | Foreclosure | Y | Remanded – removal was untimely and request for attorneys' fees granted | N |
| 20-cv-24768-JAL | First Southwestern Financial Services, LLC v. Dawkins Home Inc. | 11/19/2020 | Replevin | Y | Remanded – no subject-matter jurisdiction (ECF No. [32]) | N |
| 21-cv-20298-MGC | 5AIF Maple 2 LLC v. 5725 Lagorce Partners LLC | 1/25/2021 | Foreclosure | Y | Motion to remand pending (no response timely filed) | Y (referred and pending) |
| 21-cv-20365-DLG | AJK LLC v. Crabel Inc. | 1/28/2021 | Writ of Garnishment | Y | Open (no activity since initial filing) | N |
| 21-cv-20484-DPG | First Southwestern Financial LLC v. T.D. Bank, N.A. | 2/4/2021 | Writ of Garnishment | Y | Remanded – motion to remand granted by default (ECF No. [8]) | N |

EXHIBIT A

| Case | Caption | Date | Type | | Status | |
|---|---|---|---|---|---|---|
| 21-cv-20601-DLG | MJM Structural Corp. v. Columbus Apartments, LLC | 2/12/2021 | Foreclosure | N | Motion to remand pending (no response timely filed) | N |
| 21-cv-20631-KMM | MJM Structural Corp. v. Columbus Apartments, LLC | 2/16/2021 | Foreclosure | N | Motion to dismiss or remand pending (no response timely filed); (*See also* ECF No. [8] re: removing case solely to cancel foreclosure sale) | Y (referred and pending) |
| 21-cv-20640-BB | TCM Finance, LLC v. Conategi, LLC | 2/16/2021 | Foreclosure | N | Motion to remand and for sanctions pending (no response timely filed) | Y (pending) |
| 21-cv-20795-UU | Elizon DB Transfer Agent LLC v. CMG Capital, LLC | 2/26/2021 | Foreclosure | N | Remanded – no subject-matter jurisdiction (ECF No. [7]) | N |
| 21-cv-20801-BB | Deutsche Bank National Trust Company v. Valdes | 2/26/2021 | Foreclosure | N | Open (no activity since initial filing) | N |
| 21-cv-20912-KMM | Black River Partners I, LLC v. Conategi, LLC | 3/8/2021 | Foreclosure | N | Open (no activity since initial filing) | N |

## **MANDATORY ANSWER NOTICE**

RULE 3-7.6(h)(2), RULES REGULATING THE FLORIDA BAR, PROVIDES THAT A RESPONDENT SHALL ANSWER A COMPLAINT.